UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **24-60105-CR-SINGHAL/STRAUSS**

18 U.S.C. § 1956(h)
18 U.S.C. § 982

UNITED STATES OF AMERICA,

vs.

DANIEL DAVID ESPINOZA,

Defendant.
_____/

FILED BY __mdc__ D.C.

Jun 17, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Fort Lauderdale, FL

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The Medicare Program

1. The Medicare Program ("Medicare") was a federal health care program that provided free or below-cost health care benefits to certain individuals who were sixty-five years of age or older, or disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services ("HHS"), through its agency, the Centers for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program" as defined in Title 18, United States Code, Section 24(b).

3. Medicare was subdivided into four program "parts:" hospital insurance (Part A), medical insurance (Part B), Medicare Advantage (Part C), and prescription drug benefits (Part D).

Medicare Part B covered physician services and outpatient care, including an individual's access to durable medical equipment ("DME") that was medically necessary and ordered by licensed physicians or other qualified health care providers. DME was equipment designed for repeated use and for a medical purpose, such as orthotic devices and wheelchairs.

4. DME companies and other health care providers seeking to participate in Medicare Part B and to bill Medicare for the cost of DME and related benefits, items, and services were required to apply for and receive a "provider number" (or "supplier number"). In these applications, DME companies were required to provide truthful and accurate information, including accurately listing the names of all people who have an ownership or security interest in the provider company.

5. The provider number allowed a DME company to submit bills, known as "claims," to Medicare to obtain reimbursement for the cost of DME and related health care benefits, items, and services that a DME company provided to beneficiaries. Enrolled Medicare providers agreed to abide by the policies, procedures, rules, and regulations governing reimbursement.

6. When a claim was submitted to Medicare, the provider certified that the contents of the form were true, correct, complete, and that the form was prepared in compliance with the laws and regulations governing the Medicare program. The provider further certified that the services and health care items being billed were medically necessary and were in fact provided as billed.

7. A claim for DME submitted to Medicare qualified for reimbursement only if it was medically necessary and ordered by a licensed physician or other licensed, qualified health care

provider. Payments under Medicare Part B were typically made directly to the DME company rather than to the beneficiary.

### The Defendant and Related Entities

8. DME Company 1 was a Florida corporation located at 10257 W. Sample Road, Coral Springs, Florida.

9. DME Company 2 was a Florida corporation located at 10263 W. Sample Road, Coral Springs, Florida.

10. DME Company 3 was a Florida corporation located at 10211 W. Sample Road, Suite 117, Coral Springs, Florida.

11. DME Company 4 was a Florida corporation located at 10211 W. Sample Road, Suite 206, Coral Springs, Florida.

12. DME Company 5 was a Florida corporation located at 10211 W. Sample Road, Suite 210, Coral Springs, Florida.

13. DME Companies 1 through 5 (collectively, the "DME Companies") were companies that purportedly provided DME to Medicare beneficiaries.

14. Danoza Enterprises, LLC ("Danoza Enterprises") was a corporation formed in the State of Wyoming in 2019, with a principal address in Parkland, Florida.

15. Defendant **DANIEL DAVID ESPINOZA** was a resident of Parkland, Florida, and the owner of Danoza Enterprises.

## CONSPIRACY TO COMMIT MONEY LAUNDERING
## (18 U.S.C. § 1956(h))

Beginning in or around April 2020, and continuing through in or around December 2022, the exact dates being unknown to the United States Attorney, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**DANIEL DAVID ESPINOZA,**

knowingly and voluntarily combined, conspired, confederated, and agreed with others, known and unknown to the United States Attorney, to commit violations of Title 18, United States Code, Sections 1956 and 1957, as follows:

    a.    to knowingly conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and knowing that the financial transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

    b.    to knowingly engage in a monetary transaction affecting interstate and foreign commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, knowing that the property involved in the monetary transaction was derived from some form of unlawful activity, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity was health care fraud, in violation of Title 18, United States Code, Section 1347.

## PURPOSE OF THE CONSPIRACY

16.     It was a purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by laundering the proceeds of fraudulent claims submitted by the DME Companies to Medicare into and through bank accounts in the Southern District of Florida and elsewhere.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

17.     The DME Companies submitted false and fraudulent claims to Medicare for DME that was medically unnecessary and not provided to Medicare beneficiaries as represented. As a result of such false and fraudulent clams, Medicare paid approximately $5 million to the DME Companies.

18.     DME Company 1, DME Company 2, DME Company 3, and DME Company 5, transferred approximately $3.25 million of the fraud proceeds to the bank accounts of Danoza Enterprises, controlled by **DANIEL DAVID ESPINOZA**.

19.     DME Company 4 transferred approximately $154,000 of fraud proceeds into the personal bank account of **ESPINOZA** and his wife.

20.     **DANIEL DAVID ESPINOZA**, through Danoza Enterprises, transferred over $1 million of the fraud proceeds to bank accounts held by his co-conspirators, including owners of some of the DME Companies.

21. **DANIEL DAVID ESPINOZA** also transferred approximately $1.3 million of the fraud proceeds to a second Danoza Enterprises account, which he used to pay for personal expenses and to transfer funds to family members.

22. The defendant and his co-conspirators used the laundered fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the conspiracy.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS

1. The allegations in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **DANIEL DAVID ESPINOZA**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1956(h), a conspiracy to violate Title 18, United States Code, Sections 1956 and 1957, as alleged in this Information, the defendant shall forfeit to the United States, any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4. The property subject to forfeiture as a result of the alleged offense, includes, but is not limited to, a sum of, at least, approximately $3.411,584, which represents the total amount of funds involved in or derived from the alleged offenses and may be sought as a forfeiture money judgment.

5. If the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p). Such substitute property includes, but is not limited to, the following:

(i) Real property located at 7700 S. Woodridge Drive, Parkland, FL 33067, more specifically described as:

> Lot 48, Block 4, of Parkland Lakes P.U.D., according to the Plat thereof, as recorded in Plat Book 102, Page 44 B, of the Public Records of Broward County, Florida.

All pursuant to Title 18, United States Code, Section 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

AIMEE C. JIMENEZ
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 24-60105-CR-SINGHAL/STRAUSS

v.

DANIEL DAVID ESPINOZA,

_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- ☐ Miami
- ☒ FTL
- ☐ Key West
- ☐ WPB
- ☐ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I  ☒ 0 to 5 days
   - II ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV ☐ 21 to 60 days
   - V  ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: *(signature)*
Aimee C. Jimenez
Assistant United States Attorney
Court ID No. A55000795

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DANIEL DAVID ESPINOZA

**Case No:** _____

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

***Max. Term of Imprisonment:** 20 years
***Mandatory Min. Term of Imprisonment (if applicable):** N/A
***Max. Supervised Release:** 3 years
***Max. Fine:** $500,000 or twice the value of the property involved in the transaction.

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.